IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ACCOUNT 004969071257 held in the name of TURNBERRY/MGM GRAND TOWERS LLC<br><br>    Defendant. | 2:06-SW-0336-DAD<br><br>Order Denying Motions to Set Aside Forfeiture |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>2004 DUCATI MOTORCYCLE, CA LIC. 17R2707<br><br>    Defendant. | 2:06-SW-0337-DAD |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>2004 FORD EXPEDITION<br><br>    Defendant. | 2:06-SW-0338-DAD |

1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:06-SW-0340-DAD |
| v. | |
| 2005 DUCATI MOTORCYCLE, CA LIC. 17P2220 | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:06-SW-0356-DAD |
| v. | |
| 60,000 SHARES OF BROOKSTONE CAPITAL INC., common stock held in the name of Charles C. Head | |
| Defendant. | |

CHARLES HEAD,

Claimant.

___

On January 25, 2012, these matters came before the court for hearing on claimants' December 23, 2011 motions to set aside forfeiture pursuant to 18 U.S.C. § 983(e)(1).[1] Attorney Scott L. Tedmon appeared on behalf of claimant Charles Head.[2] Assistant United States Attorney Kevin Khasigian appeared on behalf of the government.

---

[1] In May and June of 2009, claimant proceeding pro se had filed motions to set aside forfeitures but the pro se motions were defective under the Local Rules and were not noticed for hearing as required and were therefore disregarded by the court. See Local Rule 230(b).

[2] At the request of claimant's counsel, claimant's appearance at the hearing was waived by the court.

2

As indicated on the record at the conclusion of the hearing, upon review of the documents filed in support of and in opposition to the claimant's motion, as well as consideration of the oral arguments presented, claimant's motion to set aside these forfeitures will be denied. The reasons underlying that order are set forth briefly below.

## BACKGROUND

In November of 2006 federal agents sought and obtained search warrants authorizing the seizure of the various assets listed in the case captions above on the grounds that they represented the proceeds of an illicit mortgage fraud scheme perpetrated by claimant Charles Head. The search warrants were executed and the seized assets were the subject of administrative forfeiture proceedings which concluded with those assets being forfeited in early 2007.[3] One December 23, 2011, over five years after the seizures, claimant Head through counsel filed motions in each of these search warrant cases seeking to set aside those administrative forfeitures pursuant to 18. U.S.C. § 983(e)(1) on the grounds that he was not provided effective and proper notice of the forfeitures. The government has opposed each of the motions.

/////

---

[3] On March 13, 2008, an Indictment was returned by the federal grand jury in this district charging Charles Head and others with Conspiracy to Commit Mail Fraud (18 U.S.C. § 371), Mail Fraud (18 U.S.C. § 1341) and Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)). See United States v. Head, et al., 2:08-CR-0116 KJM. Charles Head was arrested on the Indictment on March 21, 2008 and was eventually released on bond on or about May 13, 2010. The criminal case is currently set for jury trial on September 9, 2013.

3

## ARGUMENTS OF THE PARTIES

Claimant argues that in connection with each of the five administrative forfeitures that the executing agents did not provide him with proper or timely notice and failed to provide him with a personal claim form as required by 18 U.S.C. § 983. In his reply and that hearing on the motions, counsel for claimant shifted his argument, focusing on the contention that under the unique circumstances of this particular case the government agents should have provided notice of the forfeitures to civil or business attorneys that were known to represent claimant in other matters.

The government responds that 18 U.S.C. § 983(e) is the exclusive remedy available for setting aside completed administrative forfeitures such as these based upon claims of inadequate notice and that claimant Head cannot make the required showing under that statute. In short, the government takes the position that claimant Head was properly provided notice of the administrative forfeiture proceedings, that he in fact had actual notice of the proceedings as evidenced by the fact that he submitted untimely and unsigned defective claim forms, and that, in any event, the government certainly took all reasonable steps to ensure that he was provided notice of the administrative forfeitures. Moreover, the government provides proof that claimant Head was provided claim forms by the government to assist him in asserting claims with respect to the seized property if he wished to do so. Finally, the government contends that it was not obligated to provide notice to attorneys representing claimant in matters other than these forfeiture

proceedings especially where, as here, claimant was "on the run" and had contacts with various attorneys in connection with his fraudulent business dealings and other matters. Therefore, the government concludes, claimant Head's long-belated attempt to seek return of property seized over five years ago and administratively forfeited, must be denied.  The court finds the government's arguments to be persuasive.

ANALYSIS

The forfeiture proceedings at issue in this case were instituted after April 25, 2000, thus the provisions of the Civil Asset Forfeiture Reform Act ("CAFRA") apply. See United States v. Ritchie, 342 F.3d 903, 909 n. 1 (9th Cir. 2003).  Because CAFRA applies, § 983 is claimant's exclusive remedy. See 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); see also United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004); United States v. Stevens, No. CR. 04-00289 WBS, 2009 WL 55919 at *3-4 (E.D. Cal. Jan.7, 2009) (citing United States v. Mesa Valderrama, 417 F.3d 1189, 1195 (11th Cir.2009)).  Pursuant to § 983, in order to set aside a declaration of forfeiture, the claimant must demonstrate that "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to make a timely claim." 18 U.S.C. § 983(e)(1).

Here, claimant has made neither showing. The declarations before the court establish that the government took more then reasonable steps to provide claimant head with notice. Despite claimant Head's apparent attempts to avoid contact, the government served notice by certified mail (returned) and regular mail (not returned) and both of his known addresses in California and Florida. The government attempted to contact claimant by telephone and through his relatives, all to no avail. The government then provided published notice by publication in both California and Florida newspapers as permitted.[4] The government clearly did not fail to take reasonable steps to provide claimant with notice.

Most importantly, the record before the court establishes that claimant had actual notice of the seizures and administrative forfeiture actions. First, he was present during some of the seizures. Moreover, his actual knowledge is established both by his declaration submitted in support of his motion and his submission on

---

[4] The court finds claimant's latest argument, that the government as a whole was aware that he had counsel with respect to some of his affairs and should have provided notice to such counsel, to be unpersuasive. As a practical matter, the government has pointed out that claimant Head employed several lawyers (business, civil, etc.) at different points in time and that it would not be reasonable to require them to determine his current attorney-client relationships at the time of the forfeiture proceedings. Second, as noted by the government, service of notice on an attorney who was not representing claimant in connection with these forfeitures would not have been adequate in any event. See United States v. $184,505.01, 72 F.3d 1160, 1164 & n.10 (3d Cir. 1995). Moreover, this was not a situation where claimant Head was incarcerated or being prosecuted yet as of the time of the seizures and the initiation of the administrative forfeiture proceedings. See United States v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997)(notice to be given to counsel under such circumstances).

6

January 30, 2007 of the defective (not signed under penalty of perjury) and untimely claims.[5] See United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir.1998) ("So long as the Government takes the steps mandated by due process to notify the record owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural requirements for opposing the forfeiture.") Long before the defendant properties were administratively forfeited in February of 2007, claimant Head had actual notice of the proceedings. For that reason alone, his motions to set aside the forfeitures must be denied. 18 U.S.C. § 983(e)(1)(B).

Any constitutional challenge to the sufficiency of the notice of forfeiture provided by the government in these cases also fails. In order to satisfy the Due Process clause of the Fifth Amendment, the government's efforts to provide Head with notice of the administrative forfeitures must have been "'reasonably calculated under all the circumstances'" to apprise him of the proceedings and provide him an opportunity to be heard. Dusenberry v. United States, 534 U.S. 161, 172-73 (2002); see also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). As noted above, here claimant Head had actual notice of the seizures and administrative forfeiture proceedings. Moreover, the steps taken by the government as summarized above, were reasonably calculated under all the circumstances to ensure that claimant Head had notice of the

---

[5] Likewise, claimant Head's bald assertion that the government failed to provide him with a sample claim form has been persuasively refuted to the point that his counsel essentially conceded the issue at oral argument.

7

administrative forfeiture proceedings.  See Real Property, 135 F.3d at 1316.

CONCLUSION

For all of the reasons set forth above, claimant Head's following motions to set aside forfeitures pursuant to 18 U.S.C. § 983(e)(1):

1.) Doc. Nos. 6 and 8 in Case No. 06SW0336;

2.) Doc. Nos. 6, 8 and 10 in Case No. 06SW0337;

3.) Doc. Nos. 7 and 9 in Case No. 06SW0338;

4.) Doc. Nos. 7 and 9 in Case No. 06SW0340; and

5.) Doc. Nos. 8 and 10 in Case No. 06SW0356;

are denied.

IT IS SO ORDERED.

DATED: April 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDad1.orders.crminal
06sw0336.37.38.40.56.head